UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
CVI CVF V POOLING FUND I LP,                             :
:
                        Plaintiff,          :
:         24-CV-1504 (JMF)
        -v-                                              :
:               ORDER
SOCIETE GENERALE S.A. et al.,                            :
:
                        Defendants.       :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiff CVI CVF V Pooling Fund I LP ("CVI") brings this action against Defendants Societe Generale S.A. ("SA") and Xiaomi H.K. Limited ("Xiaomi"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. Section 1332, Title 28, United States Code provides for diversity jurisdiction over — as relevant here — lawsuits between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Under that provision, federal courts "have diversity jurisdiction over cases between citizens of the United States and citizens of foreign states, but . . . not . . . over cases between aliens. More specifically, diversity is lacking where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (alterations and internal quotation marks omitted). A federal court has an independent obligation to assure itself that jurisdiction exists. *See id.* at 48. A complaint that fails to adequately allege the parties' citizenship does not properly invoke a federal court's diversity jurisdiction. *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).

        The Complaint in this case alleges that CVI is a limited partnership organized in Delaware, *see* ECF No. 1 ("Compl.") ¶ 7, and CVI's Rule 7.1 Statement identifies CVI's partners as two other limited partnerships, organized in Delaware and the Cayman Islands respectively, and a company incorporated in Delaware, *see* ECF No. 5 ("CVI's Rule 7.1 Statement"), at 2. But neither the Complaint nor the Rule 7.1 Statement alleges the citizenship of the limited partnerships that are identified as CVI's partners. It is well established that for purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners (and, where applicable, those partners' general and limited partners). *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (collecting cases); *see also Exeter Energy Ltd. P'ship v. Meridian Operations, LLC*, No. 09-CV-939 (JBA), 2009 WL 2151342, at *1 (D. Conn. July 13, 2009) ("[B]ecause one of [the defendant's] member's member's members is from Connecticut, Meridian must be considered a citizen of Connecticut for purposes of determining the propriety of removal."). The Complaint therefore fails to allege CVI's citizenship, and does not properly invoke the Court's diversity jurisdiction.

      The parties shall be prepared to address this issue at the telephone conference scheduled for **February 29, 2024**, at **11:00 a.m.**  Plaintiff should, at the conference, be prepared to make a representation with respect to whether it will be able to amend the Complaint to properly allege the citizenship of each constituent person or entity comprising the Plaintiff limited partnership and, if so, to discuss a deadline by which to so amend.  If Plaintiff cannot (or later does not) amend the Complaint to cure the problem, the Court will dismiss this action for lack of subject matter jurisdiction without further notice.

      SO ORDERED.

Dated: February 28, 2024  
      New York, New York

                                                  JESSE M. FURMAN  
                                                 United States District Judge